UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-810-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Dennis Allen (registration no. 509638) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on May 19, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $68.11, and an average monthly account balance of $51.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.62, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and amended complaint**

Plaintiff, an inmate at the Eastern Reception and Diagnostic Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the City of St. Louis, St. Louis Department of Corrections, Unknown McMorris (lieutenant), Tyler Ball (assistant supervisor), Unknown Brown (major), Alice Buckingham (superintendent), Samuel L. Simons (director), and Francis G. Slay (Mayor, City of St. Louis).

Plaintiff alleges that, on September 29, 2005, while he was confined at the City of St. Louis Medium Security Institution, defendant Unknown McMorris unjustifiably "hit [him] solidly in his left eye knocking him unconscious" and then handcuffed him so tightly his wrists were bleeding. He further alleges that defendants McMorris and Major Brown manufactured false charges against him, placed him in solitary confinement for forty-five days, would not allow plaintiff "redress to defend the charges," and "to cover up plaintiff's injuries they wouldn't allow anyone to see the plaintiff until they felt he had healed up." In addition, plaintiff alleges that defendant Alice Buckingham "failed to implement a policy that would control her employees and not allow them to violate [his] constitutional rights," and that defendant Tyler Ball "did fail to correct or take action when it became known to her of the assault." Plaintiff's afore-stated claims against defendants McMorris, Brown, Buckingham, and Ball survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Unknown McMorris, Unknown Brown, Alice Buckingham, and Tyler Ball reply to said claims.

The complaint and amended complaint are legally frivolous as to defendant Mayor Slay, because plaintiff alleges only that Slay "failed to supervise" city employees; he does not set forth

any facts indicating that Slay was directly involved in or personally responsible for the violation of his constitutional rights. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The complaint and amended complaint are also legally frivolous as to defendant Samuel L. Simons. Plaintiff alleges that defendant Simons "did negligently . . . allow[] an employee . . . to recklessly violate the plaintiff's right by assaulting him and placing him in solitary confinement." Plaintiff's claim against defendant Simons is legally frivolous, because mere negligence does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Last, the complaint and amended complaint are legally frivolous as to defendants City of St. Louis and St. Louis Department of Corrections. A municipal entity is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the municipality. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $13.62 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this action as to defendants the City of St. Louis, St. Louis Department of Corrections, Samuel L. Simons, and Francis G. Slay, because the complaint and amended complaint are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Unknown McMorris, Tyler Ball, Unknown Brown, and Alice Buckingham, the Clerk shall issue process or cause process to issue upon the complaint and amended complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown McMorris, Tyler Ball, Unknown Brown, and Alice Buckingham shall reply to the complaint and amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 4th day of August, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**