UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS E. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-cv-810 SNL |
| ) | |
| UNKNOWN McMORRIS, TYLER BALL, ) | |
| UNKNOWN BROWN, and ) | |
| ALICE BUCKINGHAM, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This is before the Court on Defendants' Motion for Summary Judgment (#31), filed January 12, 2007. Because this motion is indistinguishable from Defendants' Motion to Dismiss, which was rendered moot by the filing of a Second Amended Complaint, the Court will convert Defendants' Motion for Summary Judgment into a Motion to Dismiss.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122-123. Moreover, a court should not

dismiss a complaint unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46.

The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. *Bennett v. Berg*, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, the Court moves on to the facts of the case.

Plaintiff Dennis Allen is currently an inmate at the Tipton Correctional Center. However, the events complained of occurred while Plaintiff was incarcerated at the St. Louis City Workhouse. Plaintiff claims that, on or about September 29, 2005, he was verbally abused and physically assaulted by Defendant McMorris, the Lieutenant Supervisor at the Workhouse. According to Plaintiff's complaint, while he was eating breakfast in the dining hall, Defendant McMorris demanded that Plaintiff leave. Plaintiff protested, asserting that he had not finished eating. Defendant McMorris told Plaintiff to "Get your black ass up now before I throw your black ass in the hole." Plaintiff complied with Defendant McMorris' request, standing up to dispose of his food tray. Defendant McMorris then ordered a Corrections Officer (who was also named McMorris) to take Plaintiff to the Captain's Office. The Corrections Officer complied. While Plaintiff was at the Captain's Office, Defendant McMorris approached him and stated "I should punch you in the face." Plaintiff told Defendant McMorris to "Go on, get out of my face." Defendant McMorris then struck Plaintiff in his left eye, knocking him unconscious. The Corrections Officer was present at the time of the assault.

When Plaintiff awoke, he was being handcuffed. The handcuffs were tightened severely, cutting Plaintiff's wrists. At that point, Plaintiff noticed another employee of the Workhouse named Lieutenant Love walking towards him. Plaintiff informed Love that Defendant McMorris had struck him. Love had Plaintiff taken to the medical unit, where two other Workhouse employees, Lieutenant Dixon and Defendant Brown, took photographs of Plaintiff's injuries and informed Plaintiff that Defendant McMorris would be investigated. Plaintiff requested that Defendant McMorris be prosecuted for the assault. After Plaintiff was released from the medical unit he was placed in administrative segregation for approximately forty-five days. Defendants McMorris and Brown allegedly covered up the assault, fabricating charges against Plaintiff and instituting disciplinary proceedings against him.

In their Motion to Dismiss, Defendants neither affirm nor deny Plaintiff's allegations. Instead Defendants assert that Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Plaintiff concedes that he failed to exhaust administrative remedies in accordance with the statute, but claims that his attempts to comply were thwarted by prison officials. Namely, Plaintiff claims that he made numerous requests for the policies and forms necessary to file a grievance. However, prison officials alternately ignored his requests, informed him that there was no grievance forms or policy at the Workhouse, or claimed that an internal investigation was ongoing. Thus, Plaintiff was unable to institute the proper proceedings.

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a prisoner's suit is to be dismissed without prejudice if he or she fails to exhaust all available administrative remedies. The Eighth Circuit excuses inmates from complying with an institution's grievance proceedings in only two circumstances: "when prison official have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted). Plaintiff's allegations correspond with the first exception.

As evidence in support of their Motion to Dismiss, Defendants provide an affidavit from Jerome Fields, the grievance coordinator for the Workhouse, and a copy of the Inmate Grievance Policy. In his affidavit, Fields states that Plaintiff filed no grievances, that no inmate grievances were ignored, and that all inmate grievances are documented. However, this affidavit does not address Plaintiff's allegations - that he was denied the opportunity to file a grievance. While a prisoner is in administrative segregation he would have little contact with others, aside from his guards. If these guards denied him access to grievance materials and procedures, the grievance coordinator would have no knowledge of the prisoner's complaints. Thus, Fields' affidavit is insufficient to support the Motion to Dismiss. The Inmate Grievance Policy is also insufficient. Defendants do not claim that Plaintiff had a copy of the Policy while in segregation, that a policy was made available to him, or that Plaintiff ever received a copy of this Policy. *See Gibson*, 431 F.3d at 341.

4

The PLRA requires that an inmate utilize all "available" administrative remedies. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If prison officials thwarted Plaintiff's efforts to comply with the proper grievance procedure, then there were no available remedies to exhaust, and Plaintiff's failure to comply with the Workhouse's grievance policy is excused. *Id.* The Court makes no findings as to whether prison officials engaged in this behavior or whether Plaintiff exhausted all available administrative remedies. However, the Court cannot grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Defendants have not met this burden.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#31) be and is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#17) be and is **DENIED** as moot.

Dated this 19th day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE